UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

                                                          **DECISION AND ORDER**
    v.                                                            16-CR-23-A

DAVID PFEIFFER and
THOMAS COLTON,

                Defendant.

This government contract fraud case was referred to Magistrate Judge Michael J. Roemer pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings. On December 18, 2018, the Magistrate Judge filed a Report and Recommendation based upon an evidentiary hearing that recommends that defendant David Pfeiffer be found mentally competent to stand trial pursuant to 18 U.S.C. § 4241. Dkt. No. 91.

Defendant Pfeiffer has objected to the Report and Recommendation primarily on grounds that the Magistrate Judge gave too much weight to a psychologist's opinion of legal competency that itself relied heavily upon psychological test results to conclude that the defendant's cognitive disorders are relatively mild. Dkt. No. 97. The defendant argues that the opinion of a psychiatrist who testified during the competency hearing before the Magistrate Judge that the defendant is not mentally competent because of a major neurocognitive disorder should be given controlling weight, especially because the defendant concludes that the Magistrate Judge relied too much upon the defendant's responses to the so-called McGarry questions that were used to evaluate his competency by the psychologist.

The Court has carefully reviewed the Report and Recommendation, the competency hearing transcript, exhibits, the parties' objections and response, and the record in the case, and it is

**ORDERED**, pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Roemer's Report and Recommendation (Dkt. No. 91), the Court finds that defendant Pfeiffer is mentally competent under 18 U.S.C. § 4241.

Opinions of psychiatrists based upon clinically-sound interview practices, including collateral interviews and medical testing, are certainly as reliable as psychologists' testing. Here, the psychiatrist was unable to attribute her findings about a major neurocognitive disorder to more than a collection of possible causes. The psychiatrist's opinions are based upon observed correlations, but lack the more solid causal explanation consistent with legal incompetence necessary to overcome a preponderance of the evidence that the defendant actually has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him. The Court therefore finds the defendant mentally competent to proceed to trial, despite his deficits. It is further

**ORDERED** that counsel for all the parties shall appear to set a date for trial on Wednesday, June 12, 2019, at 11:00 a.m.

**IT IS SO ORDERED**.

                                                           _s/Richard J. Arcara_
                                                     HONORABLE RICHARD J. ARCARA
                                                     UNITED STATES DISTRICT COURT

Dated: June 11, 2019